**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| WILLIAM WILLIAMS, | Case No. 3:20-CV-0256-MMD-CLB |
| --- | --- |
| Plaintiff, | **ORDER DENYING MOTION TO ENFORCE SETTLEMENT** |
| v. | [ECF No. 45] |
| MARTIN NAUGHTON, | |
| Defendant. | |

This case involves a civil rights action filed by Plaintiff William Williams ("Williams") against Defendant Martin Naughton ("Naughton"). Currently pending before the Court is Williams's motion to enforce settlement. (ECF No. 45.)

On September 8, 2020, an early mediation conference was conducted in this case before a volunteer mediator. (ECF No. 21.) Following the mediation, the parties agreed to reconvene on September 11, 2020 at which time Williams would advise the mediator if he agreed to the settlement terms offered at mediation. (*Id.*) Williams agreed on September 11, 2020 to settle this case and the terms of the settlement were placed on the record. (ECF No. 22.) The parties were to file a stipulation to dismiss on September 18, 2020. (*Id.*) However, Williams did not sign the stipulation and requested transcripts of the mediation. (ECF No. 26.)

Thereafter, this Court held a status conference regarding the parties' understanding of the settlement terms and Williams advised the Court he would sign the settlement agreement and stipulation to dismiss. (ECF No. 27.) Williams then later continued to refuse to sign the stipulation to dismiss and Naughton filed a motion to enforce the settlement. (ECF No. 33.).

The Court held a second status conference on November 30, 2020 where again Williams agreed to sign the stipulation to dismiss this case. (ECF No. 37.) A stipulation to dismiss with prejudice was entered on December 1, 2021. (ECF No. 39.) To ensure

the terms of the settlement were met, this Court followed up with additional status conferences. (ECF Nos. 40, 44.) At the status conference on February 10, 2021, the Court advised Williams that "the Court's role in the case is now concluded . . . . " (*Id.*)

Seven months later on September 14, 2021, Williams filed a motion to enforce settlement on a form which contains a formulaic legal standard for enforcement of settlement agreements. (ECF No. 45.) In argument Williams wrote one sentence only, "I request a hearing on this motion." (*Id.*)  Williams also attached 39 pages of notes and exhibits. (*Id.*)

"Federal courts are courts of limited jurisdiction" and possess only the power authorized by the Constitution and United States statutes. *Kokkonen v. Guardian Life Ins. Co. of America,* 511 U.S. 375, 377 (1994). This power cannot be expanded by judicial order. *Id.* (citing *Am. Fire & Casualty Co. v. Finn*, 341 U.S. 6 (1951)). It is well-settled there is a presumption a cause of action lies outside the federal court's jurisdiction, and that the party asserting jurisdiction has the burden of establishing it. *Kokkonen*, 511 U.S. at 377. Federal courts must have either an independent (constitutional or statutory) basis for jurisdiction over a cause of action, or jurisdiction pursuant to the court's inherent powers or ancillary jurisdiction. *Id.* at 377-78.

In *Kokkonen*, the Supreme Court held federal courts do not have inherent or ancillary jurisdiction to enforce a settlement agreement merely because the subject of the settlement was a federal lawsuit. *Id.* at 381. The Court stated ancillary jurisdiction is generally permissible under two circumstances: "(1) to permit disposition by a single court of claims that are, in varying respects and degrees, factually interdependent; and (2) to enable a court to function successfully, that is, to manage its proceedings, vindicate its authority, and effectuate its decrees." *Id.* at 379-80 (internal citations omitted). As to the first circumstance, the Court found it would not be particularly efficient for a federal court to exercise jurisdiction over what is essentially a breach of contract claim because the facts underlying the breach of a settlement agreement "have nothing to do with" the facts of the underlying case. *Id.* at 380.

As to the second circumstance, the Court held a federal court has ancillary

jurisdiction to enforce a settlement agreement if the parties' obligation to comply with the terms of the settlement agreement had been made part of the order of dismissal either by separate provision (such as a provision "retaining jurisdiction" over the settlement agreement), or by incorporating the terms of the settlement agreement into the order. *Id.* at 381; *K.C. ex rel. Erica C. v. Torlakson*, 762 F.3d 963, 967 (9th Cir. 2014). Jurisdiction exists in such a case because a breach of the settlement agreement violates a court order. *Kelly v. Wengler*, 822 F.3d 1085, 1094 (9th Cir. 2016) (citing *Kokkonen*, 511 U.S. at 381). If the federal court has no independent jurisdiction over the settlement agreement, and absent making the settlement agreement part of the dismissal order, enforcement of the agreement is for the state courts. *See In re Valdez Fisheries Dev. Ass'n, Inc.*, 439 F.3d 545, 549 (9th Cir. 2006) (holding that when a bankruptcy court had "entered an order approving the settlement agreement and a second order dismissing the case, . . . stating that '[t]he conditions of the settlement hav[e] been fulfilled'" it did not retain jurisdiction over the settlement agreement, nor did it incorporate 'the parties' obligation to comply with [its] terms'"). "Mere awareness and approval of the terms of the settlement agreement" by the judge are not enough to make the settlement agreement part of the dismissal order. *Kokkonen*, 511 U.S. at 381.

Neither of the factors identified in *Kokkonen* apply in this case. Therefore, this Court lacks jurisdiction to enforce the settlement agreement and **DENIES** the motion. (ECF No. 45.)

**DATED**: September 16, 2021

_____
**UNITED STATES MAGISTRATE JUDGE**